UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| v. | ) ) | Criminal No. 18-10431-DJC |
| HANFORD CHIU, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                    **August 8, 2019**

**I.      Introduction**

Defendant Hanford Chiu ("Chiu") has moved to suppress the evidence seized from the search of his residence, conducted pursuant to a warrant obtained on August 22, 2018. D. 69. Having considered the motion (and supporting memorandum and exhibits), D. 69-70, 77, the government's opposition, D. 75, and having heard oral argument on the motion, D. 78, the Court DENIES the motion. Accordingly, the Court makes its findings of fact and legal analysis below.

**II.     Findings of Fact**

   **A. The Iannaccone Affidavit**

Special Agent Joseph Iannaccone ("Iannaccone") is employed by the U.S. Department of Homeland Security ("DHS") and had been so employed since 2009. D. 70-1 at 14. Iannaccone had experience with investigations of crimes involving high technology or cybercrime, child exploitation and child pornography. Id.

On August 21, 2018, Iannaccone interviewed Warren Anderson ("Anderson") in connection with Anderson's admission of possession, receipt and distribution of child pornography. Id. at 15. During Anderson's interviews, he told agents that he knew Chiu and that Chiu "shared [Anderson's] interest in child pornography." Id. Anderson told agents that he and Chiu met up approximately once a week, including at Chiu's residence, and would view child pornography during approximately a quarter of those occasions. Id. at 15-16. Anderson described Chiu's residence as well as Chiu's computer (a "custom-built desktop computer"), which they used to view child pornography. Id. at 16. Anderson also referenced a specific website that he and Chiu visited that was known to law enforcement to be dedicated to the exchange of child pornography. Id. Anderson informed agents that on August 19, 2018, the most recent meeting between Anderson and Chiu, he and Chiu had viewed child pornography videos in Chiu's residence, including videos which included depictions of "boys as young as 10 years old involved in sexual conduct." Id. Anderson defined child pornography as involving children under 18. Id. at 16 n.2. Anderson said he believed Chiu's child pornography collection was approximately 80 gigabytes worth of data. Id. at 16. Anderson also told agents that Chiu was a lawyer. Id. Agents searched Anderson's vehicle and located Chiu's business card giving the name of a law office in Brighton, MA, and confirmed through the Massachusetts Board of Bar Overseers website that Chiu was registered as an attorney in Massachusetts having passed the bar in 2015. Id. at 17.

Iannaccone provided background information on characteristics common to consumers of child pornography based on his training and experience as well as information on the search and seizure of computer systems and data. Id. at 17-22. Iannaccone attached a description and photograph of Chiu's residence to the affidavit. Id. at 23 (Attachment A). He also included a list of items to be seized, including records and tangible objects relating to child pornography and

2

communications about the sexual exploitation of children and any computer hardware, software, documentation or storage media that might contain evidence, fruits or instrumentalities relating to child pornography. Id. at 24-25 (Attachment B).

**B. Search of Chiu's Residence**

On August 22, 2018, Magistrate Judge Cabell granted the search warrant for Chiu's residence to search and seize the items specified in Attachment B. Id. at 1. DHS agents executed the warrant that same day. D. 3-1 at 2. Agents seized a custom-built desktop computer, three removable storage drives, a laptop, a Samsung cell phone, an Apple iPhone, an Amazon Echo and a tablet computer. Id. While on scene, agents conducted a forensic preview of the desktop computer and its three hard drives. Id. During that preview, agents observed filed that they believed to contain child pornography. Id. Agents arrested Chiu on August 22, 2018 on charges of receipt and possession of child pornography. D. 3.

**III. Discussion**

**A. Probable Cause Standard**

The Fourth Amendment requires probable cause for the issuance of a search warrant. Whiteley v. Warden, 401 U.S. 560, 564 (1971). This standard requires a showing of "a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983). Sufficient information must be presented to the magistrate issuing such a warrant to allow her to determine independently whether probable cause exists. Id. at 239. In reviewing the adequacy of probable cause for a warrant, a reviewing court is "tasked with making a judgment based on what appears within the four corners of the affidavit." United States v. Tanguay, 787 F.3d 44, 53 (1st Cir. 2015). It is well settled that there is "'a presumption of validity with respect to the affidavit supporting the search warrant.'" United States v. Tzannos,

460 F.3d 128, 136 (1st Cir. 2006) (quoting Franks v. Delaware, 438 U.S. 154, 171 (1978)). Accordingly, a reviewing court should give "great deference" to the magistrate's determination of probable cause. Spinelli v. United States, 393 U.S. 410, 419 (1969).

Where a defendant challenges the legality of a search conducted pursuant to a search warrant, he bears the burden of showing by a preponderance of the evidence that the search was unlawful. United States. v. Legault, 323 F. Supp. 2d 217, 220 (D. Mass. 2004); see United States v. Burdulis, No. 10-40003, 2011 WL 1898941, at *3 (D. Mass. May 19, 2011) (citing cases). The issue for the reviewing court is whether "the totality of the circumstances" in the affidavit afforded the clerk magistrate a "substantial basis for determining the existence of probable cause" for the search. Gates, 462 U.S. at 238. A reviewing court "must examine the affidavit in a practical, commonsense fashion" and "accord considerable deference to a magistrate's determination that information in a particular affidavit establishes probable cause." United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999) (internal quotation marks and citation omitted).

**B. Probable Cause Existed for the Issuance of the Search Warrant**

*a. Particularity of the Search Warrant*

The Fourth Amendment requires that a search warrant "must demonstrate probable cause to believe that (1) a crime has been committed . . . and (2) enumerated evidence of the offense will be found at the place to be searched." United States v. Ribeiro, 397 F.3d 43, 48 (1st Cir. 2005) (citation omitted). "[A] search must be 'confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause.'" United States v. Burdulis, 753 F.3d 255, 260 (1st Cir. 2014) (citing Davis v. Gracey, 111 F.3d 1472, 1478 (10th Cir. 1997)). Chiu's challenge here centers on his contention that the search warrant affidavit failed

to provide sufficient nexus to the location to be searched; and that the affidavit also failed to identify sufficiently the contraband to be found at that location (i.e., child pornography).

As to the first contention, the Court concludes that the search warrant affidavit provided probable cause that evidence of a crime (namely, possession and/or receipt of child pornography) would be found at Chiu's residence. Special Agent Iannaccone primarily relied upon information from Anderson, an admitted possessor and distributor of child pornography, who had viewed child pornography at Chiu's residence with Chiu on multiple occasions. D. 70-1 at 15-16. Anderson identified not only that Chiu was a purveyor of child pornography, but that he viewed same on a custom-built desktop computer at his residence. Id. at 16. Moreover, this information, from an eyewitness, was not stale as Anderson reported that his most recent viewing of child pornography with Chiu at Chiu's residence had been on August 19, 2018, only a few days before the Special Agent sought the search warrant for the residence. Id. at 16, 22. This information, coupled with Special Agent Iannaccone's cited training and expertise about consumers of child pornography (e.g., that they "often maintain their digital or electronic collections in a safe, secure, and private environment," and that collections of child pornography are "kept close by . . . to enable the individual to view or access the material, and to safeguard it," D. 70-1 at 18), provided sufficient nexus between the items to be searched (including child pornography) and the location to be searched (Chiu's residence).

As to Chiu's second contention, the search warrant also provided probable cause as to the items to be searched, namely child pornography. Relying upon United States v. Brunette, 256 F.3d 14, 19 (1st Cir. 2001), Chiu contends that the search warrant affidavit provided insufficient information about the contraband for which the agents would be searching. In Brunette, the First Circuit concluded that where the only basis for the issuance for a search warrant for child

pornography was "conclusory statutory language" regarding same, "the magistrate judge should have viewed the images" and "[i]t was error to issue the warrant absent an independent review of the images, or at least some assessment based on a reasonably specific description. Ordinarily, a magistrate judge must view an image in order to determine whether it depicts the lascivious exhibition of a child's genitals." Id. (concluding that "the warrant was not supported by probable cause" but "nevertheless affirm[ing] under the Leon good faith exception). More recently, in United States v. Burdulis, 753 F.3d 255 (1st Cir. 2014), the First Circuit has distinguished when Burnette governs and when it does not. There, the Circuit explained that "[i]n cases in which the warrant request hinges on a judgment by an officer that particular pictures are pornographic, the officer must convey to the magistrate more than his mere opinion that the images constitute pornography." Id. at 261. As in Burdulis, "[h]ere, though, the warrant was not based on any officer's opinion that certain pictures were pornographic." Id. Instead, probable cause was based in large measure upon information from Anderson, an admitted purveyor of child pornography who witnessed Chiu accessing child pornography on his own custom-built computer, in his own residence only days before the agent sought the warrant to search Chiu's premises. See Burdulis, 753 F.3d at 261 (distinguishing case from Brunette where "the officer submitted to the magistrate Burdulis's own statements that are reasonably read as indicating that he intended to send pornography to [a person he thought was a minor]"). This evidence, coupled with Anderson's definition of child pornography (as involving children under the age of 18) and the agent's experience regarding child pornography possession and investigation of same, provided ample probable cause to be believe that child pornography (and the devices for accessing and retaining same and other items identified in Attachment B) would be found at Chiu's residence.

### C. <u>Leon</u> Good Faith Exception to the Exclusionary Rule Would Apply

Even if probable cause had not been shown here, the Court also concludes that the good faith exception under <u>United States v. Leon</u>, 468 U.S. 897, 926 (1984) would preclude suppression of the evidence seized from Chiu's residence.

Although the usual remedy for seizures made without probable cause is suppression of such evidence, this "'exclusionary rule does not obtain, however, where an objectively reasonable law enforcement officer relied in good faith on a defective warrant because suppression in that instance would serve no deterrent purpose.'" <u>United States v. Syphers</u>, 426 F.3d 461, 467 (1st Cir. 2005) (applying <u>Leon</u> good faith exception to affirm denial of motion to suppress evidence of child pornography) (quoting <u>Brunette</u>, 256 F.3d at 19). The touchstone of the <u>Leon</u> good faith exception is that law enforcement officers are entitled to reasonable reliance upon warrants duly issued by a court. <u>Id.</u> at 922. In the absence of any allegation that the magistrate judge was misled by information that the affiant provided that was false or that he would have known to be false but for his reckless disregard for truth, that the magistrate judge abandoned his detached and neutral role in issuance, that the affidavit was so lacking in indicia of probable cause that reliance upon it was unreasonable or that the warrant was so facially deficient that the agents could not have reasonably concluded that it was valid, the exception applies. <u>Id.</u> at 926; <u>United States v. Owens</u>, 167 F.3d 739, 745 (1st Cir. 1999).

None of these circumstances exist here. Although Chiu suggests that the affidavit was so lacking in indicia of probable cause that reliance upon it was unreasonable, D. 70 at 10, the Court does not agree with this contention. There was no deficiency in the affidavit, facially or otherwise, particularly where the agent relied, in part, upon information from a third-party, who recently had witnessed Chiu in possession of child pornography and whom the agent knew, based on

Anderson's admission, was well informed about child pornography, having possessed and distributed it himself and such evidence is consistent with the state of law as expressed in Burdulis. Accordingly, it was reasonable for the magistrate judge to rely upon the affidavit for issuance of the search warrant and the agent reasonably to rely upon the issuance of the warrant in executing the search warrant on Chiu's residence. Accordingly, the agent acted in good faith in doing so and, even if probable cause had not been established, the Leon good faith exception would preclude suppression of the evidence seized from Chiu's residence.

**IV.  Conclusion**

For the foregoing reasons, Chiu's motion to suppress, D. 69, is DENIED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge